# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

DARIEUS MOYE
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 10-30380

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. The defendant is 32 years old, single, and charged by way of complaint with Felon in Possession of a Firearm and Distribution of a Controlled Substance (Crack Cocaine). Defendant is unemployed, is the father of two children, is without assets, and for the past five months has been living with his sister. He admits to using marijuana regularly (3 to 4 times weekly) since the age of 14, receives a $200 food allotment from the State of Michigan, and claims to have attended 3 semesters at Wayne County Community College before transferring to Henry Ford Community College where he is currently a student studying to be an electrician. (CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 22, 2010 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant Moye's criminal history is significant.  There is an active Personal Protection Order in favor of a Ms. Daona Shanelle Dabney, who is alleged to be his girlfriend and mother of one of his children.  It was Ms. Dabney who communicated with Pretrial Services and verified Defendant's information.

In 1995 Defendant was charged with Felony Dangerous Drugs and pled guilty to Attempt Felony Controlled Substance and was sentenced to three years probation.

While on probation Defendant was charged with Felony Dangerous Drugs on 1/17/96 and was found guilty and was sentenced to 1 year confinement on 8/21/96.

Two months before the above sentencing, on 6/21/96 Defendant was charged with Felony Robbery to which he pled no contest to Robbery Armed (2 counts) and Felony Firearm on 9/10/96.  He was sentenced to 5 to 15 years imprisonment and 2 years imprisonment on 9/15/96.

On 2/02/03 after being released from prison he was charged and pled guilty to Felony Tax Revenue Evasion, and was sentenced to 1 - 10 years imprisonment.

On 10/7/09 Defendant was charged and pled guilty to Possession of Marijuana and was fined $200.

Defendant has an outstanding warrant for a misdemeanor traffic offense from 4/20/10.

Defendant was discharged from parole on May 1, 2009.

The facts underlying the instant charges can be briefly summarized to state that between October 6, 2009 and September 21, 2010 Defendant, in seven separate hand to hand transactions, sold to an undercover agent three assault rifles and four handguns for more than $4500 of marked money and 16.58 grams of cocaine.

Defendant made his appearance in court on crutches.  Apparently in May, 2010 he was involved in a drug deal that went bad and he ended up being robbed and was shot and fell down some stairs and broke his ankle.  The ankle has not healed fully following surgery and Defendant maintains that a second surgery may be necessary.

Defendant argued that he be given a bond and that he be allowed to live with his girlfriend, Ms. Daona Dabney.  Ms. Dabney is the person who took out the PPO on this defendant for domestic violence, and the PPO is still active.  This court could not in good conscience return this Defendant to the home of Ms. Dabney under these circumstances thereby placing Ms. Dabney in harm's way.  Ms. Dabney would not be an appropriate third party custodian.

Defendant has a long history of incarcerations, committing crimes while under supervision, and violence.  When he is not incarcerated he is involved in criminal activities.  He has access to high powered assault weapons, drugs, and appears to make his living by selling whatever he can get his hands on, and he seems to have suppliers at the ready to supply him with whatever he is asked to sell.  He has no legitimate employment and has no assets.  In addition to this, he admits to using marijuana on a regular and steady basis. Defendant qualifies for the career offender guidelines, and faces between 15 and ½ to 19 and ½ years of prison time [this Court notes that the Fair Sentencing Act of 2010 has been held to NOT be retroactive by the Sixth Circuit (US v Carradine, 2010 WL 3619799 (C.A.6 (Ohio)).

Defendant is deemed to be a risk of flight based upon the mandatory minimum sentence that he faces, and is also deemed by the clear and convincing evidence presented to be a danger to the community.  Defendant has failed to overcome the presumption of detention.  Accordingly there are no conditions of bond that would assure the defendant's appearance in court or the safety of the community.  Detention is Ordered.